**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

American Train Dispatchers Department of the International Brotherhood of Locomotive Engineers and Christina A. Deters,

Petitioners,

v.

Soo Line Railroad Company, a Minnesota corporation doing business as Canadian Pacific Railroad Company,

Respondent.

Civil No. 00-926 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Daniel Orfield, Esq., Zwerdling, Paul, Leibig, Kahn, Thompson & Wolly, 1025 Connecticut Avenue Northwest, Suite 712, Washington, DC 20036, and Paul Iversen, Esq., Williams & Iversen, 1611 West County Road B, Suite 208, Roseville, MN 55113, appeared on behalf of Petitioners.

Jeffrey Eyres, Esq., and Nicholas Chase, Esq., Leonard, Street and Deinard, 150 Fifth Street South, Suite 2300, Minneapolis, MN 55402, appeared on behalf of Respondent.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on January 5, 2001, pursuant to Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment and Petitioners' Motion for Summary Judgment. The Petition seeks enforcement, pursuant to 45 U.S.C. §§ 153, First (p) and 153, Second, of the Award in Case No. 1 of Public Law Board No. 6228 granting reinstatement to Petitioner Christina Deters. For the reasons set forth below, Petitioners' Motion and Respondent's Motion are denied, and the matter is remanded to Public Law Board No. 6228 for further consideration.

FILED JAN 16 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

## Background

Petitioner American Train Dispatchers Department ("ATDD") and Respondent Soo Line Railroad Company ("Soo Line") are parties to a collective bargaining agreement ("the CBA"). Petitioner Christina Deters ("Deters") is a member of the ATDD and was, until September 22, 1998, an employee of Soo Line covered by that collective bargaining agreement.

On September 1, 1998, Deters was involved in a safety violation incident for which she was subsequently terminated, following an investigation and hearing, on September 22, 1998. The ATDD and Deters appealed the termination decision, on both procedural grounds and the merits, to Public Law Board No. 6228 ("the PLB").[1] The parties made written and oral submissions to the PLB during the summer of 1999. The PLB did not issue a decision, however, until February 21, 2000. The PLB concluded that, while procedural defects in the termination process did exist, they did not prejudice Petitioners. The PLB further concluded, however, that Soo Line improperly considered several incidents in which Deters had received "informal counseling" for violation of safety rules because those instances did not meet the due process requirements of Rule 40 of the CBA. Because the PLB found that Soo Line's "dismissal decision was influenced to some unknown extent by improper considerations," the PLB concluded that Deters should be reinstated, with seniority rights intact, but without back pay.

---

[1] The PLB is a special board of adjustment created pursuant to a Memorandum of Agreement between ATDD and Soo Line and 45 U.S.C. § 153, Second. The PLB consists of a representative of Soo Line, a representative from ATDD, and a neutral third party. Decisions of the PLB are binding upon the parties and are "enforcible [sic] by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the [National Railroad] Adjustment Board." 45 U.S.C. § 153, Second.

The PLB further ordered that Deters' employment record should reflect her time off without pay as a disciplinary suspension.

Despite this order from the PLB, Soo Line has refused to reinstate Deters. Soo Line contends that Rule 40(d) of the CBA requires that, with or without an order from the PLB, Soo Line must consent to any reinstatement of a train dispatcher more than one year after her termination.[2] Petitioner has brought this action to enforce the PLB award and to seek back pay for the time period following the PLB's reinstatement decision. Petitioner now seeks summary judgment. Respondent contends, however, that this Court lacks subject matter jurisdiction because the applicability or inapplicability of Rule 40(d) to this situation constitutes a minor dispute which is subject to the exclusive jurisdiction of the National Railroad Adjustment Board.

**Discussion**

**1. Standard of Review**

Respondent has moved for dismissal pursuant to Rule 12.02(a) of the Federal Rules of Civil Procedure on the grounds that this Court lacks subject matter jurisdiction over this controversy. The Railway Labor Act specifies that the Court lacks jurisdiction to adjudicate, in the first instance, labor disputes that are the subject to mandatory and exclusive arbitration procedures. *See Brotherhood of R.R. Trainmen v. Chicago R. and I. R. Co.*, 353 U.S. 30, 39 (1957).

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must

---

[2] Rule 40(d) states: "Train dispatchers who have been dismissed will not be reinstated after one (1) year from date of dismissal, except by mutual agreement between Management and General Chairman." The policy or motivation behind this provision is unclear.

view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. The PLB's Decision and Rule 40(d)**

The PLB issued its decision regarding Deters' termination more than sixteen months after the effective date of that determination. When the PLB took the dispute under advisement, they knew (or certainly should have known) that the enforceability of their decision would be contingent upon the applicability of Rule 40(d). Had the PLB considered Rule 40(d), there are at least three conclusions it might have reached: (1) that Rule 40(d) is in the nature of an affirmative defense which was not raised by Soo Line and so was waived; (2) that Rule 40(d) is in the nature of a jurisdictional prerequisite that rendered the PLB without authority to issue the decision it did more than one year after Deters' termination; or (3) that the scope and

applicability of Rule 40(d) is a matter beyond the jurisdiction of the PLB as that jurisdiction is defined in the Memorandum of Agreement. However, the PLB failed to address the issue of Rule 40(d) at all. As a result, we arrive at the present situation.

Petitioners ask the Court to conclude that Rule 40(d) creates an affirmative defense which Soo Line waived by failing to raise it before the PLB. In response, Soo Line argues, and the Court agrees, that Petitioners are asking the Court to engage in the type of "minor dispute resolution" (here, interpreting the definition and application of terms of the CBA) over which the National Railroad Adjustment Board and its divisions have exclusive jurisdiction. Petitioners are asking the Court to draw a conclusion about the very nature of a provision of the CBA, a conclusion which could have repercussions not just for Deters but for other aggrieved employees of Soo Line.

On the other hand, Soo Line asks the Court to dismiss this litigation outright. Soo Line starts with the proposition that the meaning and applicability of Rule 40(d) is beyond the reach of this Court's review, a matter which must be determined first by the National Railroad Adjustment Board or one of its divisions. With that proposition, the Court agrees. However, Soo Line seems further to urge the Court to conclude that Rule 40(d) is outside the scope of the PLB's jurisdiction, because it is not specifically addressed in the Memorandum of Agreement which established the PLB. Accordingly, Soo Line would seem to suggest that the parties must return to square one with respect to the Rule 40(d) issue. Yet for the Court to conclude that Rule 40(d) is outside the scope of the PLB's jurisdiction would require the Court to make certain assumptions about the nature of Rule 40(d) and the PLB which, as Soo Line has already pointed out, this Court cannot make under the terms of the Railway Labor Act.

"Although 45 U.S.C.A. § 153 First (p) does not expressly give the enforcing court any power to remand an award to the adjustment board, it has been held that a court acting under this section may avail itself of the remand power given in 45 U.S.C.A. § 153 First (q)." *United Transp. Union v. Southern Pacific Transp. Co.*, 529 F.2d 691, 693 (5th Cir. 1976) (citing *Transportation-Communication Emp. Union v. Union Pac. R. Co.*, 385 U.S. 157 (1966)). Where findings which are more properly considered by the adjustment board or a division thereof are necessary for the Court's analysis, remand is appropriate. *See, generally, Hart v. Overseas Nat. Airways Inc.*, 541 F.2d 386, 392 (3rd Cir. 1976); *International Ass'n of Machinists and Aerospace Workers, Dist. Lodge No. 19 v. Southern Pac. Transp. Co.*, 626 F.2d 715 (9th Cir. 1980).

Here, the Court concludes that particular findings, discussed above, are necessary before the Court can adequately assess either its own subject matter jurisdiction or the enforceability of the PLB award. Those findings require interpretation of both the Memorandum of Agreement and the CBA, matters on which "the special expertise of the board is desirable." *United Trans. Union, supra*, at 693. Accordingly, the Court finds it is appropriate to deny the motions of both parties at this time and to remand the matter to the PLB for consideration of the effect of Rule 40(d) on its decision.[3]

**3. Public Policy**

Soo Line has further argued that, if the Court concludes that it does have subject matter jurisdiction over this dispute, the Court should nevertheless vacate the PLB's award because it contravenes public policy. In light of the Court's decision that further information is needed

---

[3] The Court recognizes the possibility that the PLB may conclude that consideration of Rule 40(d) is beyond the scope of its jurisdiction as defined in the Memorandum of Agreement. However, even a decision not to decide would provide more guidance than is offered by the PLB's current silence.

before the Court can adequately ascertain its subject matter jurisdiction over the dispute, it would be improper for the Court to address the merits of the PLB decision at this time. Accordingly, the Court denies as untimely Soo Line's Motion for Summary Judgment premised on public policy considerations.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Petitioners' Motion for Summary Judgment (Doc. No. 12) is **DENIED**;

2. Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. Nos. 10 and 16) is **DENIED**;

3. The matter is remanded to Public Law Board Number 6228 for consideration of the application and effect of Rule 40(d) of the Collective Bargaining Agreement.

Dated: January 16, 2001

DONOVAN W. FRANK
Judge of United States District Court